Edwin P. Coleman, Jr. v. Commissioner.
Coleman v. Commissioner
Docket No. 15689.
United States Tax Court
1949 Tax Ct. Memo LEXIS 214; 8 T.C.M. (CCH) 352; T.C.M. (RIA) 49085; April 20, 1949
*214 Petitioner agreed to trade a farm and $21,000 in cash for another farm. On learning that the farm he was to acquire was encumbered by a mortgage for $35,000, a written agreement was entered into whereby petitioner assumed the mortgage and received $14,000 in cash. His gain was in excess of the cash received. Held, the gain on the transaction was not tax free under section 112 (b) (1), Internal Revenue Code, but was taxable as capital gain to the extent of the cash received, pursuant to section 112 (c) (1). Don O. Russell, Esq., 706 Chestnut St., St. Louis, Mo., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. ARNOLD
Memorandum Findings of Fact and Opinion ARNOLD, Judge: This proceeding involves a deficiency in income tax for the year 1944 of $3,985. The sole issue is whether cash received by petitioner in connection with an exchange of farm properties was taxable to petitioner in 1944 as gain from a sale or exchange 6f capital assets. Findings of Fact Petitioner is an individual engaged in the business of cotton ginning and farming. He owns approximately 50 farms in southeastern Missouri. He filed his individual income tax return for 1944 with the collector *215 of internal revenue at St. Louis, Missouri. In about 1936 petitioner acquired a farm of some 754 acres in Mississippi County, Missouri, known as the "Babler Farm." In 1944 this was carried on his books at an adjusted cost of $20,384.12. After negotiations with one R. D. Clayton, a real estate broker, petitioner made an oral agreement with Clayton to exchange the Babler farm for a farm in Stoddard County, Missouri, consisting of some 886 acres, known as the "Carroll Farm" and to pay Clayton $21,000 in cash. It was later discovered that the Carroll farm was subject to a deed of trust held by the Kansas City Life Insurance Company securing a loan of $35,000. Petitioner ascertained from an agent of the company that the company would not accept advance payment of the loan. Petitioner then entered into a written contract with Clayton on September 2, 1944, to deed the Babler farm to Clayton in exchange for the Carroll farm, to assume the $35,000 mortgage and to receive $14,000 in cash. The exchange of deeds was carried out in October 1944 and petitioner received $14,000 in cash which was deposited in his general bank account. The deed of trust provided for payments of $1,500 on each December *216 1 from 1944 to 1952, both inclusive, and $21,500 on December 1, 1953, with interest at 4 1/2 per cent payable annually. There was no provisi6n permitting payment before the dates specified. Petitioner made no agreement that the $14,000 was to be used specifically to pay the loan secured by the deed of trust. The parties stipulated at the hearing that the Carroll farm had a fair market value in December 1944 of $64,432, computed by valuing the 885.76 acres at $75 per acre, [1] and that petitioner carried it on his books at a cost of $41,384.12, computed by taking the adjusted cost of the Babler farm, $20,384.12, adding $35,000, the amount of the liability assumed, and subtracting the $14,000 cash received in the transaction. Opinion Petitioner contends that the exchange of the Babler farm for the Carroll farm and $14,000 was tax free under section 112 (b) (1) [2] *217 of the Internal Revenue Code. Respondent contends that the transaction is governed by section 112 (c) (1)[3] and that petitioner's gain is to be recognized as capital gain to the extent of the cash received. It is clear that petitioner realized a gain on the transaction. He *218 transferred the Babler farm, having an adjusted basis to him of $20,384.12 and assumed an obligation to pay $35,000. In exchange he received a farm having a fair market value of $64,432 and $14,000 in cash. The gain was therefore in excess of the cash received. Respondent determined that this was taxable under section 112 (c) (1) to the extent only of the $14,000 received in cash, the remainder being regarded as tax free. Petitioner relies upon $ Commissioner v. North Shore Bus Co. Inc., 143 Fed. (2d) 114, affirming T.C. Memorandum Opinion [1 TCM 493,] involving an exchange of old motor coaches for new, in which a cash payment to the taxpayer was, under the contract, required to be used to pay off an outstanding mortgage on the old coaches. The Circuit Court there pointed out that the taxpayer was merely a conduit through which the funds passed to the mortgagee and held that the taxpayer did not thereby receive income. The present case is different in material respects from the cited case. Petitioner was free to use the cash as he might choose. He was under no requirement to, and could not, apply it on the loan immediately. The lien was on the property he received and he might have *219 elected to renew or extend the loan when it matured, while in the cited case the lien was on the property transferred and the bus company was obliged to have the lien released so the mortgaged coaches could be resold. As it affects the question whether the petitioner received money, the cited case is not controlling here. Petitioner contends that since the transaction as originally planned, where he was to pay $21,000 and exchange the farms clear of any encumbrance, would be tax free to him, the transaction as actually carried out should have no different effect, taxwise. Assuming that, as petitioner says, the exchange as originally planned would be tax free as to petitioner, it does not follow that the different form in which the deal was actually cast must have the same effect. The original agreement could not be consummated and its prospective tax consequences could not be, and were not, realized. The tax effect must be determined from the actual contract carried out. The provisions of section 112 of the Code governing the recognition of gain or loss upon the sale or exchange of property grant certain exceptions to the general rule that the entire amount of gain or loss shall be *220 recognized. As exceptions to taxation, their effect is not to be extended beyond the plain meaning of the language used. Regulations 111, section 29.112 (c)-1 gives the following example of the application of section 112 (c) (1) of the Code: "Example. A, who is not a dealer in real estate, in 1942 exchanges real estate, which he purchased (for investment) in 1921 for $5,000, for other real estate (to be held for productive use in trade or business) which has a fair market value of $6,000, and he receives in addition $2,000 in cash. The gain from the transaction is $3,000, but is recognized only to the extent of the cash received of $2,000." The transaction as here consummated falls squarely within the provisions of section 112 (c) (1). As applied by the respondent here, the statute permits petitioner to treat as tax free the gain to the extent it was embodied in the farm he acquired which, even considering the secured debt, had a value in excess of his basis of the Babler farm. The cash, which he received to do with as he pleased, was realized gain and taxable as such. Decision will be entered for the respondent. Footnotes
1. There is an unexplained discrepancy in this computation but it is immaterial in this proceeding.↩
2. Sec. 112. RECOGNITION OF GAIN OR LOSS. (a) General Rule. - Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized except as hereinafter provided in this section. (b) Exchanges Solely in Kind. - (1) Property Held for Productive Use or Investment. - No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment. ↩
3. (c) Gain From Exchanges Not Solely in Kind. - (1) If an exchange would be within the provisions of subsection (b) (1), (2), (3), or (5), or within the provisions of subsection (1), of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph or by subsection (1) to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.↩